UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mozika, Inc., | ) | CASE NO. 1:22 CV 897 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| JS Design Online, LLC, *et al.*, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Remand Case to Cuyahoga County Court of Common Pleas (Doc. 6). This is a breach of contract dispute. For the following reasons, the motion is GRANTED.

**FACTS**

Plaintiff Mozika Inc. brought this lawsuit in state court against defendants JS Design Online LLC ("JS Design") and Jay Sumner (collectively, "defendants") alleging wrongdoing in connection with the design and maintenance of plaintiff's website. Plaintiff is a citizen of Ohio and defendants are citizens of New York. Defendants removed this matter to this Court on the

1

basis of diversity of citizenship.

In September of 2020, plaintiff and JS Design entered into an agreement for JS Design to build, host, and maintain a website for plaintiff.[1] (Compl. Par. 7). Plaintiff paid $2,500 to have the website built and also paid a $250 yearly hosting fee. (Compl. Par. 11). The following March, plaintiff learned that "bots" attacked its website and attempted thousands of false purchases and refunds. Plaintiff contacted defendants regarding the issue, and defendants took the website offline to stop further cyberattacks. Plaintiff thereafter received an invoice from its merchant processor in the amount of $9,000 for costs associated with the attack. (Compl. Par. 17). Defendants allegedly refused to cooperate with plaintiff to bring the site back online or allow plaintiff to resume control over the site. This lawsuit followed.

Plaintiff asserts claims for breach of contract, negligence, conversion, trespass to chattel, tortious interference, fraud, civil theft, and unjust enrichment. (Doc. 1 at 12–23). With respect to the claims for breach of contract, negligence, conversion, trespass to chattel, tortious interference and fraud, plaintiff alleges that it has been "damaged in an amount determinable at trial including compensatory, incidental, and consequential damages, costs, interest, expenses and attorney fees, all of which totaling [sic] in excess of $25,000, which damages continue to accrue." (Compl. Pars. 29, 47, 51 55, 60, 70). With regard to the civil theft claim, plaintiff alleges that it suffered "damages believed to be" in excess of $25,000, and further notes that O.R.C. § 2307.61 allows for the recovery of liquidated damages in an amount three times the value of the website, as well as attorney's fees. (Compl. Pars. 74,75). And, although plaintiff alleges in its unjust enrichment

---

[1] Despite its express allegations that the contract is between plaintiff and JS Design, the complaint contains allegations that defendant Sumner also breached the agreement.

claim that it "conferred a benefit...[of] at least $2,500.00," plaintiff further alleges that it seeks damages in "an amount to be determined at trial, plus statutory interest, all of which totaling [sic] in excess of $25,000."

The complaint also contains "claims" for a preliminary and permanent injunction and "vicarious liability/respondeat superior."  Plaintiff does not identify any damages it seeks in connection with these "claims."  In the general prayer for relief located at the end of the complaint, plaintiff seeks "an aggregate amount of damages, including compensatory, incidental, consequential, and punitive damages, in excess of $25,000."

Prior to removal, plaintiff offered to stipulate that the total amount in controversy is less than $75,000.  It appears that defendants rejected the stipulation.  Plaintiff moves to remand this matter to state court, and defendants oppose the motion.

**STANDARD OF REVIEW**

A federal court may exercise diversity jurisdiction over a case involving state-law claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).  Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory.").  Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,453 (6th Cir.1996), a court's ruling on a motion to remand will rest on whether the case was properly

removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir.2000) (citing *Ahearn*, 100 F.3d at 453).

**ANALYSIS**

Defendants argue that the amount in controversy is satisfied based on a reading of the complaint alone. Plaintiff disputes this assertion.

When removal is sought based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). Removal is deemed proper regarding the amount in controversy "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." In this calculation, punitive damages must be included "unless it is apparent to a legal certainty that [they] cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) ("[P]unitive damages may be aggregated with other damages to satisfy the amount-in-controversy requirement.").

The amount is determined as of the time of removal. *Hayes*, 266 F.3d at 573. The removing party bears the burden of satisfying the jurisdictional amount. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing defendant must show that it is "more likely than not" that the plaintiff's claims meet the requirement. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The court "must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing [sic] party." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Typically, the sum claimed by the plaintiff controls,

except where plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement;" in such a case, the defendant must provide evidence that the amount in controversy is "more likely than not" in excess of $75,000. *Everett*, 460 F.3d at 822.

Plaintiff argues that the Court should remand this action to state court for lack of jurisdiction because the amount in controversy does not exceed $75,000. In response, defendants argue that the Court should aggregate the claims. Upon doing so, it is apparent from the face of the complaint that the amount in controversy requirement is satisfied. In addition, defendants argue that even without aggregation, the claims for tortious interference and civil theft each independently seek $75,000 in damages.

To meet the amount in controversy, claims may be aggregated. *See Hartford Fire Ins. Co v. Flagstaff Industries, Corp.*, 2011 WL 4436583, at *6 (N.D. Ohio Sept. 22, 2011) ("A single plaintiff . . . may aggregate all its claims against a single defendant . . . in calculating the amount in controversy . . . ."). But claims that are alternative theories of recovery—meaning recovery is only possible on one of the claims to the exclusion of others—cannot be aggregated. *Marketing Associates, Inc. v. Fellowes, Inc.*, 2006 WL 721619, at *1 (N.D. Ohio Mar. 21, 2006) (disallowing aggregation of breach of contract and unjust enrichment because applicable state law prohibited unjust enrichment claims when a contract covers the dispute).

Upon review, the Court finds that aggregation of all eight claims is not proper in this case because Ohio law does not permit multiple recoveries for many of these alternatively plead claims. For example, there can be no recovery for negligence arising out of a breach of contract; "a breach of contract does not create a tort claim" *Textron Fin. Corp. v. Nationwide Mut. Ins.*

*Co.*, 684 N.E.2d 1261 (Ohio Ct. App. 1996). "A tort claim can only exist independent of the contract if the plaintiff can establish the existence of a duty created outside that which was created by the terms of the contract." *State Auto Property & Casualty Ins. Co. v. ABCO Fire Protection, Inc.*, 170 N.E.3d 1255, 1259 (Ohio Ct. App 2021) (citation omitted).  Likewise, Ohio law typically treats breach of contract and unjust enrichment as alternative theories.  *Marketing Associates, Inc. v. Fellowes, Inc.*, 2006 WL 721619, at *1 (N.D. Ohio Mar. 21, 2006).  The same is true for breach of contract and conversion.  *Patel v. Strategic Grp., LLC*, 161 N.E.3d 42, 51 (Ohio Ct. App. 2020).  Neither can a party recover "under theories of both fraud and negligence based upon the same course of conduct." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996).

Defendants ask the Court to simply assign a value of at least $25,000 to each of the eight claims and total them together to arrive at an amount sufficient to meet the jurisdictional minium.  For the foregoing reasons, however, the Court cannot simply "aggregate" all of the claims as suggested by defendants.  As such, the amount in controversy requirement is not satisfied on that basis.[2]

---

[2] Defendants claim that the contract, negligence, tortious interference, and civil theft claims are not alternative theories.  The Court disagrees in part.  Here, the contract claim is based on defendants' failure to design and host plaintiff's website.  The negligence claim is based on this same premise.  The Court is unaware of a non-contractual, independent legal duty to create a website, and defendants provide no law supporting this premise.  As such, the Court finds that recovery could not be had on both of these claims.  And, as set forth below, the Court cannot determine whether the value of the tortious interference and civil theft claims exceeds $25,000 each. Accordingly, the Court cannot aggregate these four claims to satisfy the amount in controversy requirement.

The Court also rejects defendants' argument that the value of the tortious interference claim alone exceeds $75,000. According to defendants, Ohio law allows for the recovery of up to two times the compensatory damages sought. Defendants claims that because plaintiff seeks $25,000 in compensatory damages, the inclusion of twice that amount as punitive damages satisfies the amount in controversy requirement. Upon a careful reading of the complaint, however, the Court does not agree that plaintiff seeks compensatory damages in the amount of at least $25,000. Rather, with respect to the tortious interference claim, plaintiff expressly alleges that it seeks damages "in an amount determinable at trial *including* compensatory, incidental, and consequential damages, costs, interest, expenses and attorney fees, all of which totaling [sic] in excess of $25,000." But, costs and expenses are statutorily exempt from inclusion in the amount in controversy. *See*, 28 U.S.C. 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive* of interest and costs)(emphasis added). Plaintiff includes costs and expenses in alleging that its damages exceed $25,000. Because costs and expenses cannot be included in assessing the amount in controversy, the Court cannot simply triple this amount as argued by defendants. Defendants offer no evidence supporting their position and, on the face of the complaint, the Court cannot say one way or the other whether the value of the tortious interference claim alone is greater than $75,000.

Defendants next argue that the amount in controversy requirement is satisfied based solely on the civil theft claim. Defendants correctly note that plaintiff seeks damages in an amount greater than $25,000, as well as liquidated damages in an amount equal to three times the value of the website. Based on a careful review of the complaint, however, the Court cannot say

by a preponderance of the evidence that the claim exceeds $75,000 in value. Plaintiff expressly alleges that the property defendants stole consists of the website. Although plaintiff generally alleges that it is entitled to an amount "greater than $25,000" for the theft, other specific allegations in the complaint undercut these general allegations. By way of example, plaintiff alleges in connection with the unjust enrichment claim that it paid $2,500 for the website and that the website was "not of certain quality for its intended purpose...." Plaintiff also alleges that the website suffered from cyberattacks. In essence, plaintiff alleges that the value of the website is less than what plaintiff originally paid for it. In the face of these allegations, the Court cannot say that the value of the website is greater than $25,000. At best, the complaint itself is ambiguous as to the value of the property, and defendants did not provide the Court with any evidence clarifying this point. Based solely on a fair reading of the complaint in its entirety, the Court is not convinced by a preponderance of the evidence that the claim is valued at more than $75,000. Accordingly, defendants' argument is rejected.

The fact remains that plaintiff paid defendants $2,500 for the construction of a website that allegedly suffered from cyberattacks. In addition, plaintiff paid $250 per year for hosting services. The only other specific damages identified in the complaint consists of a $9,000 bill received for merchant fees associated with the cyberattack. These figures are significantly below the $75,000 threshold for federal jurisdiction. The Court acknowledges that attorney's fees and treble damages are recoverable for certain claims. Because of the ambiguity in the complaint and a lack of evidence from defendants, however, the Court simply cannot say by a

preponderance of the evidence that the value of this matter exceeds $75,000.[3]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand Case to Cuyahoga County Court of Common Pleas (Doc. 6) is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 9/6/22

---

[3] Because the Court finds that remand is appropriate based on the complaint alone, the Court need not address the effect of plaintiff's pre-removal offer to stipulate as to the value of the case.